

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| ROBERT SHIPLEY, | Cause No. CV 10-00067-BLG-RFC |
| Plaintiff, | |
| vs. | ORDER |
| INTERNAL REVENUE SERVICE, et al., | |
| Defendants. | |

Pending is Plaintiff Robert Shipley's Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint. (Court Doc. 2).

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). But the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). An affidavit of indigency is sufficient if it states a person cannot pay or provide security for court costs and still provide himself and any dependents with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (citing *Adkins v. E.I.*

-1-

*DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Mr. Shipley submitted the form Motion to Proceed in Forma Pauperis (Court Doc. 1) which he supplemented on pages 12 through 14 of his Complaint showing that he receives $1,897.50 per month. Although he has also listed a number of expenses, he has not made a sufficient showing that he cannot pay the filing fee and still provide for himself with the necessities of life.

While generally a litigant would be given an opportunity to pay the filing fee, the Court deems that unnecessary because Mr. Shipley's claims are without merit. "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Mr. Shipley's claims fail as a

-2-

matter of law. Therefore, the motion to proceed in forma pauperis will be denied.

## I. STATEMENT OF CASE

### A. Parties

Plaintiff Robert Shipley is a citizen of Montana residing in Miles City, Montana. He represents himself in this matter.

There are a number of Defendants named throughout Mr. Shipley's Complaint. In the Parties section of the Complaint (Court Doc. 2, p. 4), Mr. Shipley names the Internal Revenue Service (IRS), the Department of Justice (DOJ), and the Treasury Inspector General for Tax Administration (TIGTA).

In the addendum to the Complaint in the listing of Defendants involved, Mr. Shipley names TIGTA Special Agent Cordell Lamb of Salt Lake City, TIGTA Special Agent Andrew Austin, Magistrate Judge Carolyn Ostby, IRS Agent Sandra Welch, and Ms. Welch's supervisors David Beach of Helena, Scott Pride of Sheridan, Wyoming, and Nancy Means of Casper, Wyoming.

In the injury section of the addendum to his Complaint, Mr. Shipley also names Federal prosecuting attorneys Marcia Hurd and Lori Suek.

### B. Factual Background

Mr. Shipley's allegations stem from both the IRS's attempts to collect taxes from Mr. Shipley and a criminal action in this Court arising from statements Mr.

-3-

Shipley made regarding IRS Agent Sandra Welch.

Mr. Shipley was indicted on July 19, 2007 on charges of making threatening communications to IRS Agent Sandra Welch in violation of 18 U.S.C. § 875(c). Mr. Shipley was arrested on August 2, 2007 and appeared before Magistrate Judge Ostby on August 2, 2007 for his initial appearance and arraignment. A detention hearing was held on August 7, 2007 after which Judge Ostby issued an Order of Detention. (Criminal Action No. 07-CR-00097-BLG-RFC, Court Doc. 8). Judge Ostby held a second detention hearing on August 27, 2007 and ordered Mr. Shipley to remain in custody.

Mr. Shipley filed several motions to dismiss the indictment on the basis of First Amendment freedom of speech and that there was no true threat made. (Criminal Action No. 07-CR-00097-BLG-RFC, Court Docs. 40 and 41). He also filed a Motion to Suppress his threatening statement on the basis of attorney client privilege. The motion to suppress was denied January 8, 2008. (Criminal Action No. 07-CR-00097-BLG-RFC, Court Doc. 67). The motions to dismiss were denied April 29, 2008. (Criminal Action No. 07-CR-00097-BLG-RFC, Court Doc. 83).

On June 4, 2008, Mr. Shipley waived his right to a jury trial. (Criminal Action No. 07-CR-00097-BLG-RFC, Court Doc. 95). A bench trial was held on

June 9, 10, and 11, 2008. On June 11, 2008, this Court ruled from the bench and found Mr. Shipley not guilty on the grounds that there was reasonable doubt whether or not he possessed specific intent to threaten and transmit the threats at issue and whether he had the mental capacity of forming the specific intent required to threaten and transmit threats.

## C. Allegations

Mr. Shipley's allegations are varied and difficult to discern. He alleges Defendant Cordell Lamb was involved in 2005 but made no real effort to speak to Shipley. He also states Agent Lamb was involved in his "illegal arrest" on August 2, 2007.

Mr. Shipley alleges Agent Andrew Austin lied to him on the phone by stating he had been sent to conduct the hearing Shipley had requested for two years.

Mr. Shipley alleges Judge Ostby never offered him a bond hearing in violation of the Fifth Amendment of the United States Constitution.

He contends Agent Sandra Welch committed twenty-two felony frauds against him from January 7, 2005 through May 9, 2007. He states Agent Welch would not reply to his many letters, filed illegal tax liens against his monthly income from his restaurant, and threatened to sell his interest in the restaurant to

-5-

pay back taxes.

He alleges Agent Welch's supervisors were sent many letters regarding the alleged frauds and never did anything to intercede in Sandra Welch's illegal operations against him.

Mr. Shipley contends he was "illegally indicted" by the Grand Jury who acted with illegally begotten information from his attorneys.

He states TIGTA disallowed his request for a hearing to resolve his tax issues and instead arrested him.

Finally, he alleges federal prosecuting attorneys Hurd and Suek tried hard to put him into federal prison for a crime he did not commit.

## II. ANALYSIS

It is somewhat difficult to determine the precise nature of Mr. Shipley's claims. He appears to be attacking both tax collection efforts and the prosecution against him. Because Mr. Shipley is suing both federal agents and federal agencies, the Court has construed his claims as being brought pursuant to the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

As is set forth in more detail below, Mr. Shipley's claims fail as a matter of law. First, Judge Ostby is entitled to judicial immunity and prosecutors Hurd and

-6-

Suek are entitled to prosecutorial immunity. Mr. Shipley's Federal Tort Claims Act and *Bivens* claims fail to state a claim upon which relief may be granted. These are not defects which could be cured by the allegation of additional facts. Accordingly, this case will be dismissed.

### A. Judicial and Prosecutorial Immunity

Mr. Shipley alleges Judge Ostby should be held liable because she never provided him a bond hearing per the Fifth Amendment of the United States Constitution. Mr. Shipley requested a detention hearing at his arraignment on August 2, 2007, the day of his arrest. The detention hearing was commenced on that date and continued on August 7, 2007. Another detention hearing was held on August 27, 2007. The detention hearings were bond hearings.

Moreover, judges are absolutely immune from liability for their judicial acts. *Butz v. Economou*, 438 U.S. 478 (1978); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967). The initial appearance, arraignment, and various detention hearings over which Judge Ostby presided were clearly within Judge Ostby's judicial jurisdiction and she has absolute immunity from damages for the decisions made in those hearings.

-7-

Similarly, prosecutors Hurd and Suek are entitled to prosecutorial immunity.
A prosecutor is entitled to absolute immunity from liability for violating a person's
federal constitutional rights when he or she engages in activities "intimately
associated with the judicial phase of the criminal process." *Imbler v. Pachtman,*
*424 U.S. 409, 430 (1976); Ashelman v. Pope, 793 F.2d 1072, 1075-76, 1078 (9th*
*Cir.1986)* (en banc).  Absolute immunity protects a prosecutor's activities unless
the prosecutor steps outside his or her role as an advocate, such as acting as a
complaining witness. *See Kalina v. Fletcher, 522 U.S. 118, 129 (1997)*
(prosecutor's act of personally certifying truthfulness of statements in an
application for an arrest warrant not protected by absolute immunity).  Shipley's
allegations against Prosecutors Hurd and Suek stem from their activities intimately
associated with the judicial phase of the criminal process and therefore, they are
entitled to absolute prosecutorial immunity.

## B. Federal Tort Claims Act

Shipley's tort claims against officers and agencies of the United States
(including the IRS, the TIGTA, the DOJ, the IRS agents, and the TIGTA agents)
fail under the theory of sovereign immunity.  The Complaint names the IRS, the
DOJ, and the Treasury Department as defendants, and it appears to seek damages
from four IRS employees and two TIGTA employees pursuant to the Federal Tort

-8-

Claims Act 28 U.S.C. § 2671 et seq.

It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). "It is axiomatic that the United States may not be sued without its consent and that the existence of such consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206 (1983). Therefore, absent a waiver of sovereign immunity an action must be dismissed for lack of subject matter jurisdiction. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

The Federal Tort Claims Act provides that the United States is liable "if a private person[ ] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) & 2674. The Federal Tort Claims Act is a general waiver of sovereign immunity that allows a private litigant to bring causes of action for state law torts against the United States and its employees acting in the scope of their employment. *See* 28 U.S.C. § 1346(b). However, the Federal Tort Claims Act does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty . . . " 28 U.S.C. § 2680(c); *see also Hutchinson v. United States*, 677 F.2d 1322, 1327

(9th Cir. 1982). Similarly, claims arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights are exempt. 28 U.S.C. § 2680(h).

Because the conduct about which Mr. Shipley complains is not covered by the Federal Tort Claims Act's waiver of sovereign immunity, the Federal Tort Claims Act does not give this Court jurisdiction over Mr. Shipley's tort claims. Mr. Shipley has failed to show that the United States has waived its immunity under the Federal Tort Claims Act or another statutory source, and therefore the Court must dismiss Mr. Shipley's tort claims.

### C. Bivens

Under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), federal courts have authority to award damages to plaintiffs whose federal constitutional rights were violated by federal officers. *Bivens,* 403 U.S. at 395. The Court will analyze Mr. Shipley's tax collection and prosecution claims under *Bivens*.

#### 1. Tax Collection

##### a. Statute of Limitations

The majority of Mr. Shipley's tax collection claims are barred by the

-10-

applicable statute of limitations. The forum state's statute of limitations governing

personal injury actions governs the limitations period for a *Bivens* action. *Van*

*Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991); *Papa v. United States*, 281 F.3d

1004, 2009 (9th Cir. 2002). In Montana, that period is three years after the action

accrues. *Mont. Code. Ann.* § 27-2-204(1).

Mr. Shipley filed his Complaint on June 11, 2010. Therefore, he may only

pursue those claims which accrued between June 11, 2007 and June 11, 2010. At

one point in his Complaint, Mr. Shipley alleges Sandra Welch "committed twenty-

two felony frauds against him from January 5, 2005 through May 12, 2008." On

the same page however, he alleges these frauds were committed between January

5, 2005 and May 9, 2007. Despite this inconsistency, it is clear that all tax

collection claims arising prior to June 11, 2007 are barred by the applicable statute

of limitations.

### b. Exclusive Remedy

To the extent that any tax collection claims are not barred by the statute of

limitations, they are not appropriately brought under *Bivens*. First, the Ninth

Circuit has "never recognized a constitutional violation arising from the collection

of taxes." *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir.

1990). Moreover, when there is an exclusive remedy for constitutional violations,

-11-

there is not generally a separate *Bivens* action. "When the design of a Government

program suggests that Congress has provided what it considers adequate remedial

mechanisms for constitutional violations that may occur in the course of its

administration, we have not created additional *Bivens* remedies." *Schweiker v.*

*Chilicky*, 487 U.S. 412, 423, 108 S.Ct. 2460, 2468, 101 L.Ed.2d 370 (1988).

In the Taxpayer Bill of Rights 26 U.S.C. § 7433, Congress provided an

exclusive damages remedy for the reckless or intentional disregard of Internal

Revenue Code provisions by IRS employees in collecting taxes. That provision

provides,

> If, in connection with any collection of Federal tax with respect to a
> taxpayer, any officer or employee of the Internal Revenue Service
> recklessly or intentionally, or by reason of negligence disregards any
> provision of this title, or any regulation promulgated under this title,
> such taxpayer may bring a civil action for damages against the United
> States in a district court of the United States.

26 U.S.C. § 7433(a).[1] Congress unequivocally stated that § 7433 is "the exclusive

---

[1]Any claim Mr. Shipley may have had under the Taxpayer Bill of Rights
would now be barred by the applicable statute of limitations. 26 U.S.C. §
7433(d)(3) provides, "an action to enforce liability created under this section may
be brought without regard to the amount in controversy and may be brought only
within 2 years after the date the right of action accrues."

Mr. Shipley testified at trial that he resolved his tax issues in March 2008.
Therefore, his allegations regarding improper tax collection arose prior to June 11,
2008 (two years prior to the filing of the Complaint) and he cannot properly bring
such a claim in this action.

remedy for recovering damages resulting from such actions." 26 U.S.C. § 7433(a). This provision does not mention constitutional violations; however, the Ninth Circuit and several other circuits have concluded that § 7433 precludes *Bivens* actions against IRS agents for due process violations. *See Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir. 1990) (holding that remedies provided by Congress foreclose a *Bivens* action for due process violations); *see also Vennes v. An Unknown Number of Unidentified Agents*, 26 F.3d 1448, 1454 (8th Cir. 1994); *McMillen v. United States Dep't of Treasury*, 960 F.2d 187, 190 (1st Cir. 1991) (per curiam); *National Commodity and Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1248 (10th Cir. 1989).

   This is not a case where Mr. Shipley did not have access to judicial review. Whether he is claiming a procedural or substantive due process violation with regard to the tax collection efforts of Defendants, he had adequate opportunities to bring his allegations. His failure to do so within the applicable statute of limitations does not affect the analysis. Given the available exclusive remedy under the Taxpayer Bill of Rights, a *Bivens* action is not viable. The Supreme Court has repeatedly held that where internal revenue collection is at issue, a meaningful post-deprivation remedy will satisfy the Due Process Clause. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 747, 94 S.Ct. 2038, 2051, 40 L.Ed.2d 496

-13-

(1974) ("And although the congressional restriction to postenforcement review may place an organization claiming tax-exempt status in a precarious financial position, the problems presented do not rise to the level of constitutional infirmities, in light of the powerful government interests in protecting the administration of the tax system from premature judicial interference . . . ").

Since Congress has created statutory provisions that provided Mr. Shipley with an opportunity to challenge the IRS agents' actions, he does not have an actionable *Bivens* claim for a violation of due process regarding tax collection.

### 2. Prosecution claims

#### a. False arrest

The United States Supreme Court has held that false arrest claims require "detention without legal process." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1095, 1096 (2007). Mr. Shipley was arrested only after indictment and was never detained without process. Therefore, he has no false arrest claim.

#### b. Malicious Prosecution

Mr. Shipley's claims regarding his "illegal arrest" and "illegal indictment" to the extent they can be construed as a malicious prosecution claim. In the Ninth Circuit, a federal cause of action for malicious prosecution that allegedly subjects a person to a denial of a constitutional right incorporates the relevant elements of

-14-

the common law tort of malicious prosecution of the relevant state.  *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).

The elements a plaintiff must prove for a malicious prosecution claim in Montana are:  (1) a judicial proceeding was commenced and prosecuted against the plaintiff; (2) the defendant was responsible for instigating, prosecuting or continuing such proceeding; (3) there was a lack of probable cause for the defendant's acts; (4) the defendant was actuated by malice; (5) the judicial proceeding terminated favorably for the plaintiff; and (6) the plaintiff suffered damage.  *See Hughes v. Lynch*, 338 Mont. 214, 219, 164 P.3d 913 (2007) *(citing Plouffe v. Montana Dept. of Public Health and Human Services*, 309 Mont. 184, 190, 45 P.3d 10 (2002)).  If a plaintiff fails to offer proof of any one of these elements, the action fails, and summary judgment in favor of the defendant is proper.  *Sherner v. National Loss Control Services Corp.*, 329 Mont. 247, 255, 124 P.3d 150 (2005) *(citing White v. Murdock*, 265 Mont. 386, 389-90, 877 P.2d 474 (1994)).

Clearly a judicial proceeding was commenced and prosecuted against Mr. Shipley, the judicial proceeding terminated favorably for Mr. Shipley, and given that Mr. Shipley was incarcerated for eleven months the Court will, for purposes of this Order, presume Mr. Shipley suffered damages.

Therefore, the real issues are whether one of the named defendants was responsible for instigating, prosecuting or continuing the proceeding, whether there was a lack of probable cause, and whether defendant was actuated by malice.

The Court first notes that Mr. Shipley has not clearly identified a defendant responsible for instigating or prosecuting the criminal case against him. Although he names the prosecuting attorneys, those individuals are entitled to prosecutorial immunity as set forth above.

Mr. Shipley contends the indictment against him was flawed because the information was "ill-begotten" from his own attorneys. However, the issue of attorney-client privilege was addressed by this Court in the criminal proceedings. The Court ruled that information was properly before the Court and Mr. Shipley's motion to suppress was denied. The Court will not revisit that issue.

The Montana Supreme Court defines probable cause for prosecution as "reasonable grounds for suspicion, supported by circumstances reasonably strong in themselves to warrant a reasonably prudent and cautious [person] to believe that the accused is guilty of the offense charged." *Reece v. Pierce Flooring*, 194 Mont. 91, 98, 634 P.2d 640, 643 (1981). This Court ruled on Mr. Shipley's various motions to dismiss finding not only was there probable cause to arrest and prosecute Mr. Shipley, but the criminal charges against Mr. Shipley survived his

-16-

various motions to dismiss. In analyzing those motions, this Court noted that while some cases may be "so clear that they may be resolved as a matter of law . . . this is not one of those cases." (Court Doc. 83, p. 2). At the end of trial, this Court found there to be reasonable doubt as to Mr. Shipley's guilt of the charge. But there has never been a finding that there was no probable cause as to Mr. Shipley's arrest or prosecution.

At trial, Mr. Shipley did not deny making the statements attributed to him. The issue at trial was a factual question of whether he intended to threaten Ms. Welch and intended those threats to be transmitted to Ms. Welch. This Court's dismissal of the criminal charges was based upon the finding that it was not Mr. Shipley's intent to threaten and to transmit the threats. It ultimately came down to a factual question which was resolved by me–the trier of fact. There was probable cause for the arrest and prosecution of Mr. Shipley and therefore any malicious prosecution claim fails to state a claim.

The Court cannot conceive any other federal constitutional claim to be brought under *Bivens*. As such, all *Bivens* claims will be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Shipley's Motion for Leave to Proceed in forma pauperis (Court

-17-

Doc. 1) is **DENIED** and the Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. At all times during the pendency of this action, Mr. Shipley SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Dated this ___ day of July, 2010.

Richard F. Cebull
United States Distric Judge

-18-